Robert N. MORELAND and Naomi M. Moreland, Plaintiffs,

v.

VELSICOL CHEMICAL CORPORATION, Defendant.

Civ. A. No. 89–0122–E.

United States District Court, N.D. West Virginia.

Sept. 19, 1991.

---

Robert N. and Naomi M. Moreland, pro se.

Richard L. Earles, Charleston, W.Va., for defendant.

## ORDER

MAXWELL, Chief Judge.

■ Plaintiffs filed their complaint on August 10, 1989, seeking remedies under 28 U.S.C. § 1332 for personal and property injury. Currently pending are Plaintiffs' application to proceed *in forma pauperis* filed August 5, 1991, Defendant's Motion for Summary Judgment submitted March 20, 1991, and Defendant's Motion for Sanctions received by the Court on April 15, 1991. An inspection of Plaintiffs' *in forma pauperis* affidavit demonstrates that they currently have a monthly income of approximately $850.00 and a savings account containing roughly $3000.00. While the Court is aware that Plaintiffs have various living expenses to satisfy, the figures noted above simply do not justify granting their application. Accordingly, it is

ORDERED that Plaintiffs' application to proceed *in forma pauperis* be, and the same is hereby, DENIED.

The procedural history of the differences between these parties holds the key to the Court's summary judgment analysis. The dispute arose from a June 16, 1978 visit to Plaintiffs' home by Al Suttmiller, t/a Three Star Services, an exterminator. During the ensuing extermination of pests, Mr. Suttmiller applied two chemicals manufactured by Defendant. As a result of this application, the Plaintiffs' home was rendered unliveable. They subsequently brought suit in state court against Mr. Suttmiller and his company seeking compensation for property damage.

Suttmiller added Defendant as a third-party defendant to the original action in 1980. After extensive discovery, Plaintiffs filed an amended complaint in 1987. This amendment was apparently motivated by discovery of the health risks posed by the chemicals applied to Plaintiffs' home. The amended complaint, which Plaintiffs claim they never knew was filed, recognized in the style that Velsicol was involved in the action as a third-party defendant. In the amended complaint, Plaintiffs sought recovery for both property and personal damages from Al Suttmiller, t/a Three Star Services only.

Shortly thereafter, the parties apparently agreed to a settlement whereby Suttmiller would pay Plaintiffs $71,000.00 and Defendant would pay Plaintiffs $9,500.00. Negotiations were conducted by Plaintiffs' counsel. However, Plaintiffs then refused to sign the settlement agreement. After considerable legal maneuvering, Velsicol and Suttmiller both sought a petition to enforce the settlement agreement. This petition was eventually granted by the Circuit Court of Mineral County, West Virginia by order dated June 21, 1988. The Supreme Court of Appeals of West Virginia affirmed the order in a per curiam opinion filed on July 20, 1990 which details the extensive procedural history of the state court case. *Robert and Naomi Moreland v. Suttmiller v. Velsicol Chemical Corporation*, 397 S.E.2d 910 (W.Va.Sup.Ct.App.1990) (per cu-

294

riam). The Circuit Court of Mineral County entered a final order on February 28, 1991 depositing the two settlement checks with the General Court Receiver. This course of action was compelled by Plaintiffs' refusal to accept the settlement.

■ Motions for summary judgment under Rule 56, Federal Rules of Civil Procedure, impose a difficult standard on the movant, for it must be obvious that no rational trier of fact could find for the non-moving party. *Miller v. FDIC*, 906 F.2d 972, 974 (4th Cir.1990). However, the "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). To withstand such a motion, the Plaintiff must offer evidence from which "a fair-minded jury could return a verdict for the plaintiff." *Id.* Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather than encourage mere speculation. *Id.* 477 U.S. at 248, 106 S.Ct. at 2510; *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985).

■ Defendant's motion for summary judgment relies on the principle of *res judicata*. Plaintiffs' amended complaint sought relief for both property damage and damages brought about because "plaintiffs have suffered serious physical and emotional injury ... have suffered, and will continue to suffer great pain, suffering and anxiety of body and mind ... have and will continue to incur sustantial [sic] medical expenses...." Thus, it is clear that Plaintiffs sought recovery for all injuries resulting from the application of the chemicals. Subsequently, as determined by the state courts, Plaintiffs willingly settled with both Suttmiller and Velsicol. *Moreland v. Suttmiller v. Velsicol*, at 912. It was noted that the primary complaint of the Plaintiffs involves a belief that they had settled for too little money. *Id.* at 912. In the final judgment order, the Circuit Court stated:

It is further ORDERED that the dismissal with prejudice of this action and dismissal with prejudice of the Third–Party Complaint of Al Suttmiller t/a Three Star Services against third-party defendant, Velsicol Chemical Corporation, bars any further action or claim by plaintiffs against Velsicol Chemical Corporation, pertaining to the alleged personal injury and property damage alleged by plaintiffs to have been sustained in connection with above-styled action.

A review of Plaintiffs' Complaint, as well as the numerous documents they have submitted to the Court, reveals that Plaintiffs merely seek more compensation than they received through settlement. The Complaint sets forth in greater detail than the state court amended complaint the personal damages which Plaintiffs allege to have incurred as a result of exposure to chemicals and as a result of Defendant's resistance to the present action. Plaintiffs do not allege any events or circumstances not covered by their prior state court action. Those allegations which are not frivolous were satisfied by the settlement agreement between Plaintiffs, Defendant, and Suttmiller. The state courts have already determined that Plaintiffs gave settlement authority to their attorney, knowingly agreed to settle the case, were not subjected to coercion, and that the agreement covered all damages alleged by Plaintiffs. Defendant is entitled to judgment as a matter of law based on *res judicata* resulting from the prior settlement of these claims. Accordingly, it is

ORDERED that Defendant's Motion for Summary Judgment be, and the same is hereby, GRANTED and that the above-styled civil action is hereby DISMISSED and STRICKEN from the docket of this Court. For reasons apparent to the Court, it is further

ORDERED that Defendant's Motion for Sanctions be, and the same is hereby, DENIED.